IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHELDON PHILLIPS,<br><br>Movant/Defendant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent/Plaintiff. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. A. No. 05-234-GMS<br>Cr. A. No. 03-90-GMS |

**MEMORANDUM OPINION**[1]

---

Sheldon Phillips. *Pro se* movant.

Beth Moskow-Schnoll, Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

April 14, 2008
Wilmington, Delaware

---

[1]This case was re-assigned to the undersigned on January 30, 2008.

**SLEET, Chief Judge**

## I. INTRODUCTION

Movant Sheldon Phillips ("Phillips") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 25; D.I. 30.) The Government filed its answer in opposition. (D.I. 33.) For the reasons discussed, the court will deny Phillips' § 2255 motion without holding an evidentiary hearing.

## II. PROCEDURAL AND FACTUAL BACKGROUND

On January 12, 2004, Phillips pled guilty to one count of possession of firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Honorable Kent A. Jordan sentenced Phillips to 87 months imprisonment, 3 years of supervised release, and a $100 special assessment. (D.I. 20.) Phillips did not appeal his conviction or sentence. Rather, he timely filed the instant § 2255 motion to vacate, set aside, or correct his sentence. The Government filed an answer arguing that the claims in the motion should be dismissed as meritless. (D.I. 33.) Phillips' § 2255 motion is ready for review.

## III. DISCUSSION

Phillips asserts four grounds for relief in his § 2255 motion: (1) counsel provided ineffective assistance by failing to file an appeal despite Phillips' request that he do so; (2) Phillips' sentence violates *Apprendi* because the 4 point sentencing enhancement was based on facts not admitted in his plea agreement or proven during the plea colloquy; (2) his sentence also violates *Booker* and *Blakely* and must be vacated; and (4) counsel provided ineffective assistance by failing to object to unproven enhancements at sentencing and for failing to object to other erroneous information contained in the pre-sentence investigation report. (D.I. 25.)

**A. Claims two and three: 4 point enhancement violated *Apprendi* and *Booker***

During Phillips' sentencing hearing, Judge Jordan applied a 4 point enhancement to Phillips' offense level after determining that the 33 bags of marijuana found in Phillips' possession at the time of his arrest were for distribution rather than for his personal use. Now, in claims two and three, Phillips argues that the 4 point enhancement violated both *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and *United States v. Booker*, 543 U.S. 220 (2005) because he did not admit to possessing the drugs for distribution in his plea agreement or during his plea colloquy.[2] For the following reasons, the court will deny the claim as meritless.

In *Apprendi*, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proven beyond a reasonable doubt." *Id.* at 490. The maximum sentence for knowing possession of a firearm after conviction of a felony (18 U.S.C. 922(g)(1)) is 10 years. *See* 18 U.S.C. § 922(a)(2). This 10 year maximum statutory sentence was clearly stated in Phillips' plea agreement and also explained during his plea colloquy. (D.I. 17; D.I. 35, at pp. 5, 9.) Thus, there is no *Apprendi* violation in this case because Phillips' 87 month sentence (7 years and ten months) does not exceed the maximum prescribed sentence for the crime to which he pled guilty.

As for Phillips' *Booker* claim, the Third Circuit has expressly held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January

---

[2]Although Phillips also alleges that the 4 point enhancement violates *Blakely v. Washington*, 542 U.S. 296 (2004), the court views the claim as asserted pursuant to *Booker* rather than *Blakely*. *Blakely* involved the application of a state's sentencing guidelines, and *Booker* involved the application of the federal sentencing guidelines. *See Lloyd v. United States*, 407 F.3d 608, 611 (3d Cir. 2005).

12, 2005, the date *Booker* was issued." *See Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005). Here, Phillips' conviction became final on April 25, 2004.[3] Accordingly, the principles articulated in *Booker* do not apply to Phillips' case.[4]

**B. Claims one and four: ineffective assistance of counsel**

Phillips has properly raised his ineffective assistance of counsel claims in a § 2255 motion rather than on direct appeal. *See United States v. Garth,* 188 F.3d 99, 107 n.11 (3d Cir. 1999); *United States v. Cocivera,* 104 F.3d 566, 570 (3d Cir. 1996); *see also United States v. Swint*, 2000 WL 987861, at *5 (E.D.Pa. July 17, 2000). To prevail on his ineffective assistance of counsel claims, Phillips must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Under *Strickland's* first prong, Phillips must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second prong of the *Strickland* test, Phillips must affirmatively show that counsel's deficient performance prejudiced his case. *Strickland,* 466 U.S. at 692-93. Because Phillips pled guilty, he can only establish prejudice by showing a reasonable probability that, but for counsel's errors, he would have proceeded to trial

---

[3]Phillips was sentenced on April 15, 2004, and he did not appeal his conviction or sentence. Therefore, Phillips' conviction became final 10 days later (April 25, 2004), the date on which the time for filing an appeal expired. *See Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999).

[4]Even if *Booker* did apply retroactively to Phillips' case, Phillips' claim is meritless because the 4 point enhancement (or any other alleged enhancement) did not increase Phillips' sentence beyond the 10 year statutory maximum sentence.

instead of pleading guilty. *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994).

1. Counsel's failure to file appeal

In his first ineffective assistance claim, Phillips alleges that counsel failed to file a notice of appeal despite Phillips' express request for counsel to do so. (D.I. 25; D.I. 30; D.I. 35.) As explained in *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), ineffective assistance of counsel claims premised on an attorney's failure to file an appeal must be reviewed under a modified version of *Strickland.* First, the reviewing court must determine if counsel consulted with the defendant about an appeal, where "consult" is defined as "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. If counsel did consult with the defendant, and failed to file a notice of appeal despite the defendant's express request or instructions, then counsel's performance is *per se* deficient. *Id.* at 478. If, however, counsel did not consult with the defendant about an appeal, the reviewing court must determine if counsel had a "duty to consult" with the defendant about an appeal, such that counsel's "failure to consult with the defendant itself constitutes deficient performance."[5] *Id.* In turn, the defendant establishes sufficient prejudice under *Strickland* and

[5]According to the Court in *Flores-Ortega*, counsel has a "constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal; or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. *Id.* at 479-80. In determining whether counsel had a duty to consult, the reviewing court must take into account all the information counsel knew or should have known. *Id.* Factors relevant to this inquiry include whether the defendant entered a plea agreement or proceeded to trial, whether the trial court explained defendant's right to appeal, and whether the defendant expressly waived his appellate rights. *Id*; *see also Harrington v. Gillis*, 456 F.3d 118, 126 (3d Cir. 2006).

*Flores-Ortega* by demonstrating a reasonable probability that he would have timely appealed but for counsel's failure to consult with him about an appeal. *Id.* at 484.

Phillips does not base the instant ineffective assistance of counsel claim on counsel's failure to consult with him about an appeal. Rather, Phillips contends that counsel failed to follow his express instructions to file an appeal. Additionally, counsel's affidavit filed with the Government's reply expressly states that counsel informed Phillips of his right to appeal at the time of his plea, prior to sentencing, and at his sentencing hearing. (D.I. 33-2.) Thus, because counsel did, in fact, consult with Phillips about his right to appeal, the only issue for the court to determine is whether counsel failed to follow Phillips' "express instructions with respect to an appeal." *Flores-Ortega*, 528 U.S. at 478.

In his affidavit, counsel refutes Phillips' claim that he refused to follow Phillips' request to file an appeal, stating that Phillips never requested an appeal. (D.I. 33-2.) Additionally, Phillips does not provide, and the record does not contain, any support for his contention that he asked counsel to file an appeal.[6] Accordingly, the court will deny Phillips' first ineffective assistance of counsel claim as meritless.

2. Counsel's failure to object to unproven enhancements at sentencing and other erroneous information contained in the pre- sentence investigation report

In his form § 2255 motion, Phillips contends that counsel was ineffective during his sentencing hearing for failing to object to the unproven and erroneous enhancements to his criminal history score contained in the pre-sentence report. However, in his support memorandum, Phillips admits that defense counsel objected to the inclusion of one of Phillips'

---

[6]Phillips merely argues that counsel's failure to file an appeal constitutes *per se* ineffective assistance. (D.I. 30, at p. 7; D.I. 34, at p. 2.)

previous convictions in the calculation of his criminal history score. Phillips also admits that counsel objected to the 4 point increase to the offense level applied as a result of Phillips' possession of 33 bags of marijuana. Viewing Phillips' assertions in context with the transcript of the sentencing hearing, the court construes Phillips' complaint to be that counsel failed to object to the 4 point enhancement as a violation of *Apprendi* because Phillips did not admit to possession for distribution during the plea colloquy or in his plea agreement.

It is well-settled that an attorney does not perform ineffectively by failing to raise a meritless argument. *See United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999). As previously explained, the 4 point enhancement to Phillips' base offense score did not violate *Apprendi* because the resulting sentence did not exceed the 10 year statutory maximum sentence prescribed by 18 U.S.C. § 922(a)(2). Therefore, the court will deny the instant ineffective assistance of counsel claim as meritless.

**IV. EVIDENTIARY HEARING**

Generally, a petitioner who contends defense counsel failed to file an appeal on his behalf in contravention of his wishes is entitled to an evidentiary hearing to prove that he requested counsel to file an appeal and that counsel failed to act upon that request. *Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001). However, a petitioner is not entitled to a hearing if the "allegations [are] contradicted conclusively by the record, or if the allegations [are] patently frivolous." *Id.*

Here, the record conclusively contradicts Phillips' assertion that he requested counsel to file an appeal. Additionally, Phillips' assertions regarding an illegal sentence enhancement and

counsel's failure to object to such an enhancement are patently frivolous. Accordingly, the court concludes that an evidentiary hearing is not warranted.

## V. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Additionally, when a court denies a habeas claim on procedural grounds without reaching the underlying constitutional issues, the petitioner must demonstrate that reasonable jurists would find it debatable: (1) wether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in is procedural rule. *Id.* If the district court correctly invokes a plain procedural bar to dispose of a case, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

The court is denying Philips' § 2255 motion after determining that his claims are meritless. The court is persuaded that reasonable jurists would not find these assessments debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

For the reasons stated, Phillips' 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence is dismissed. An appropriate order shall issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SHELDON PHILLIPS, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-234-GMS |
| | ) | Cr. A. No. 03-90-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Petitioner Sheldon Phillips' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is DISMISSED, and the relief requested therein is DENIED. (D.I. 25; D.I. 30.)

2. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

April 14, 2008
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE